**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4766**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MONTERIO DEMIETRUS RILEY, a/k/a Monterio Demetral Riley,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00440-WO-1)

Submitted:  February 19, 2015            Decided:  March 2, 2015

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monterio Demietrus Riley pled guilty, pursuant to a written plea agreement, to possession with intent to distribute crack and powder cocaine (Counts 1 and 2) and possessing a firearm after having been convicted of a felony (Count 3), in violation of 18 U.S.C. § 922(g)(1) (2012), 21 U.S.C. § 841(a)(1) (2012). Based on a total offense level of 27, and a Criminal History category of II, Riley's advisory Guidelines range was 78 to 97 months' imprisonment. However, because Riley had a prior felony drug conviction, his Guidelines range was 120 months. See U.S. Sentencing Guidelines Manual § 5G1.2(b) (2012). The district court imposed the 120-month mandatory minimum sentence on Count 1 and ordered the sentences on Counts 2 and 3 (86 months on each count) to run concurrently with the sentence on Count 1. Riley noted a timely appeal.

Riley's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court plainly erred by imposing the mandatory minimum sentence. Although advised of his right to file a pro se supplemental brief, Riley has not done so.

We review Riley's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails

2

appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of "significant procedural error," this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012). Moreover, a statutory mandatory minimum sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

We have reviewed the record and conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court properly calculated Riley's sentencing range under the advisory Guidelines, considered the relevant § 3553(a) factors, and

3

imposed a sentence within the applicable sentencing range. Because Riley received the mandatory minimum sentence, it is per se reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Riley's conviction and sentence. This court requires that counsel inform Riley, in writing, of the right to petition the Supreme Court of the United States for further review. If Riley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4